IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DAVONTE D. WRIGHT, JORDAN BOYER, MARSHERRIE FRANKLIN, on her own behalf and on behalf of her minor child, U.F., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHAMPAIGN POLICE OFFICER TYLER DARLING (#774), individually, THE CITY OF CHAMPAIGN, ILLINOIS, a municipal corporation, <br><br> Defendants. | Case No. 19-cv-2035 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT AT LAW**

NOW COME Plaintiffs, Davonte D. Wright ("Mr. Wright"), Jordan Boyer ("Mr. Boyer"), Marsherrie Franklin ("Ms. Franklin"), on her own behalf and on behalf of her minor child, U.F. (collectively "Plaintiffs"), by and through their attorneys, NATHAN & KAMIONSKI LLP, and complaining of the Defendants, Champaign Police Officer Tyler Darling (#774) ("Defendant Darling") and the City of Champaign, Illinois, ("Champaign"), state as follows:

**INTRODUCTION**

1. This is an action for civil damages brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. On October 7, 2018, 24-year-old Davonte Wright was senselessly beaten in Jordan Boyer's and Marsherrie Franklin's residence by Defendant Officer Tyler Darling for allegedly driving without registration.

3. Without a warrant or exigent circumstances, Defendant Darling illegally broke into the home of Mr. Boyer, Ms. Franklin, and Jane Doe, grabbed Mr. Wright, slammed him up against

multiple walls and surrounding furniture, and tackled him to the ground. Three children ranging from the ages of seven to eight years old, including Jane Doe, witnessed this intrusion and subsequent beating.

4.      This picture shows Mr. Wright's facial injuries shortly after the beating:



5.      Defendant Darling then maliciously caused Plaintiff to be charged with resisting a peace officer.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising out of state law.

7.      Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this district.

## PARTIES

8. At all times relevant hereto, Plaintiffs Davonte Wright, Jordan Boyer, Marsherrie Franklin, and Jane Doe were and are residents of the State of Illinois and citizens of the United States of America.

9. Jane Doe is a minor and is therefore bringing suit under an anonymous name and together with her parents, Mr. Boyer and Ms. Franklin.

10. At all times relevant hereto, Defendant Tyler Darling, is a resident of the State of Illinois and a citizen of the United States, acting under color of law in his capacity as a law enforcement officer employed by the Champaign Police Department (hereinafter "Champaign PD").

11. Defendant City of Champaign, Illinois is an Illinois municipal corporation and is the legal entity responsible for itself and the Champaign PD. Champaign is also the employer of Defendant Darling and is a proper entity to be sued under 42 U.S.C. § 1983.

## FACTS COMMON TO ALL COUNTS

12. On or about October 7, 2018 at approximately 1:30 pm, Davonte Wright was driving his 2002 gold Chevrolet Impala to his friend Jordan Boyer's house located at 1019 Northwood Street in Champaign. Once Mr. Wright arrived at Mr. Boyer's house, he parked his car in the driveway of the residence, exited his vehicle and then proceeded to enter the house with Mr. Boyer's permission.

13. After observing Mr. Wright pull into the driveway and park his car, Defendant Darling pulled into the driveway behind Mr. Wright's vehicle.

14. Defendant Darling immediately exited his marked squad car and yelled at Mr. Wright to get back in his car. Mr. Wright continued into the house and attempted to close the door.

15. Defendant Darling then ran toward the front door and shoved the door open, rushing his way into the house. Defendant Darling entered Mr. Boyer's home without a warrant, consent by any occupant, or any exigent circumstances.

16. Without any justification or provocation, Defendant Darling grabbed Mr. Wright and struck him in the face. Defendant Darling then grabbed Mr. Wright's arms and pushed him into a wall.

17. As a result of pushing Mr. Wright with so much force, Defendant Darling and Mr. Wright stumbled over various pieces of furniture in the room and Defendant Darling's body worn camera fell off of him.

18. Defendant Darling then tackled Mr. Wright to the ground and handcuffed his hands behind his back.

19. Due to this unprovoked attack, Mr. Wright had blood pouring from his face. As a result, his blood was found on the walls and furniture of the residence of Mr. Boyer, Ms. Franklin, and Jane Doe.

20. At the time that Defendant Darling broke into the home described above, he had no probable cause or reasonable suspicoun that a crime was being committed. In fact, he merely suspected that Mr. Wright had been driving without valid vehicle registration.

21. Throughout the attack by Defendant Darling, Mr. Wright did not resist or obstruct Defendant Darling.

22. As a result of this attack, Mr. Wright suffered serious injuries to his face and body, including a facial laceration above his right eye and lower back pain.

23. When asked what forced he used against Mr. Wright, Defendant Darling was captured on his body worn camera stating, "Really, I just kind of pushed him up against the wall in there and

4

got him on the ground." Then when asked if Mr. Wright fought him at all, Defendant Darling unequivocally said, "No."

24. Mr. Wright was arrested without probable cause and falsely charged with resisting/obstructing a peace officer.

25. Defendant Darling fabricated his police report regarding Mr. Wright, falsely claiming Mr. Wright was resisting.

26. All of the above-descried acts were done by Defendant Darling intentionally and/or recklessly in disregard for Mr. Wright's federally protected rights and were done pursuant to the preexisting widespread custom and practice of Champaign of failing to properly train and supervise its police officers.

27. With deliberate indifference to the rights of citizens to be free from excessive force by police, Champaign has ongoingly tolerated and even encouraged a dangerous environment of police brutality.

28. It is commonplace within Champaign for its police officers to arrest members of the public without probable cause and then to falsely charge those individuals with no other crime besides a trumped-up charge of resisting/obstructing a peace officer.

29. It is also the longstanding practice of Champaign to permit its police officers to use excessive force against unarmed individuals when such use is unnecessary and unjustified.

30. Champaign has consistently (1) failed to supervise and conduct sufficient training with respect to the constitutional limitations on the use of force; (2) failed to adequately punish officers who have committed excessive force; (3) tolerated the use of excessive force against its citizens; and (4) encouraged collusive statements by involved officers in excessive force incidents.

31. As a direct and proximate result of the wrongful conduct of Defendant Darling and Champaign, Mr. Wright has been seriously injured and Mr. Boyer and Ms. Franklin experienced an illegal intrusion into their home. Notwithstanding his physical injuries, Mr. Wright also continues to suffer ongoing emotional distress, including anxiety, stress, and trouble sleeping in fear of another attack by law enforcement for something as small as a traffic violation. In addition, Mr. Boyer, Ms. Franklin and Jane Doe have suffered extreme and severe emotion distress as a result of Defendant Darling's violation of their home and beating of Mr. Wright in front of them.

## COUNT I
### 42 U.S.C. § 1983: Excessive Force
### (Mr. Wright Against Defendant Tyler Darling)

32. Plaintiffs hereby incorporate all preceding paragraphs as though fully set forth herein.

33. As stated more fully above, Defendant Darling's actions of punching, pushing, and tackling Mr. Wright constituted excessive force.

34. The misconduct described above was objectively unreasonable in light of the facts and circumstances confronting Defendant Darling and was undertaken intentionally and deliberately for the purpose of harming Mr. Wright.

35. Defendant Darling acted under color of state law in his capacity as a Champaign police officer and his actions were conducted within the scope of his employment.

36. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

37. Mr. Wright had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be free from excessive force by law enforcement.

38.   Any reasonable officer knew or should have known of these rights at the time of the conduct complained of as they were clearly established at that time.

39.   The actions of Defendant Darling constituted unreasonable and unjustifiable excessive force against Mr. Wright, thus violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

40.   As a result of the excessive force used by Defendant Darling, Mr. Wright suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. § 1983.

### COUNT II
### 42 U.S.C. § 1983: False Arrest
### (Mr. Wright Against Defendant Tyler Darling)

41.   Plaintiffs hereby incorporate all preceding paragraphs as though fully set forth herein.

42.   Defendant Darling arrested Mr. Wright on or about October 7, 2018.

43.   At the time of the arrest, there was no probable cause to support the belief that Mr. Wright was in the commission of or had committed a crime or violation of any law that required his arrest. Operating a motor vehicle without valid registration in Illinois would result in at most a fine.

44.   Defendant Darling acted under color of state law in his capacity as a Champaign police officer and his actions were conducted within the scope of his employment.

45.   Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

46.   Mr. Wright had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be free from unreasonable seizures by law enforcement.

47.   Any reasonable officer knew or should have known of these rights at the time of the conduct complained of as they were clearly established at that time.

48. Defendant Darling's actions constitute a deliberate and malicious deprivation of Mr. Wright's constitutional guarantee to be free from unreasonable seizures, thus violating Mr. Wright's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

49. As a result of Defendant Darling's misconduct described above, Mr. Wright suffered physical and emotional injuries, and other damages in violation of 42 U.S.C. § 1983.

## COUNT III
## 42 U.S.C. § 1983: Illegal Entry
### (Mr. Boyer, Ms. Franklin, and U.F. Against Defendant Tyler Darling)

50. Plaintiffs hereby incorporate all preceding paragraphs as though fully set forth herein.

51. Defendant Darling did not have a search warrant or probable cause that would allow him to enter Mr. Boyer's and Ms. Franklin's home.

52. Defendant Darling violated Mr. Boyer's and Ms. Franklin's rights protected by the Fourth Amendment of the United States Constitution when he unlawfully entered their home with probable cause, a warrant, consent, or exigent circumstances.

53. Defendant Darling's misconduct in shoving his way into Mr. Boyer's and Ms. Franklin's home was undertaken intentionally, with malice and reckless indifference to the rights of Mr. Boyer and Ms. Franklin.

54. The aforementioned actions of Defendant Darling were the direct and proximate cause of the violation of Mr. Boyer's and Ms. Franklin's rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

55. As a result of the above-described misconduct, Mr. Boyer and Ms. Franklin suffered damage to their property as well as emotional stress and anguish.

## COUNT IV
## 42 U.S.C. § 1983: Fabrication of Evidence & Unlawful Detention

**(Mr. Wright Against Defendant Tyler Darling)**

56. Plaintiffs hereby incorporate all preceding paragraphs as though fully set forth herein.

57. Defendant Darling deprived Mr. Wright of his clearly established right to due process of law and a fair trial.

58. In the manner more fully described above, Defendant Darling deliberately fabricated his police report in order to justify the false arrest of and excessive force used against Mr. Wright.

59. Defendant Darling stated on camera that he pushed Plaintiff against a wall. However, Defendant Darling falsely reported in his report that Mr. Wright's facial injury came from being "hit by a door."

60. Defendant Darling stated on camera that Mr. Wright did not use any force against him, yet he falsely reported that Mr. Wright resisted.

61. Defendant Darling acted under color of state law in his capacity as a Champaign police officer and his actions were conducted within the scope of his employment.

62. Under 42 U.S.C. § 1983, a person who, acting under color of state law, deprives another person of his federal constitutional rights is liable to the injured party.

63. Mr. Wright had a clearly established constitutional right under the Fourth and Fourteenth Amendments to be free from unreasonable seizures by law enforcement.

64. Any reasonable officer knew or should have known of these rights at the time of the conduct complained of as they were clearly established at that time.

65. As a direct and proximate result of the actions taken by Defendant Darling, Mr. Wright's constitutional rights were violated, he was detained without probable cause, and he suffered physical damages as well as emotional distress.

66. The misconduct described above was taken with malice, willfulness, and/or reckless disregard for the rights of Mr. Wright.

## COUNT V
### Intentional Infliction of Emotional Distress
### (All Plaintiffs Against Defendant Tyler Darling)

67. Plaintiffs hereby incorporate all preceding paragraphs as though fully set forth herein.

68. Defendant Darling's actions of punching, pushing, and tackling an unarmed person over the lack of vehicle registration were extreme and outrageous.

69. Defendant Darling's actions of shoving his way into an unknown residence without a warrant or probable cause, while children were present in the home, to issue a citation for driving without registration was extreme and outrageous.

70. Defendant Darling engaged in the extreme and outrageous conduct with wanton and reckless disregard of the probability of causing Plaintiffs to suffer severe emotional distress.

71. As a direct and proximate result of Defendant Darling's extreme and outrageous conduct, Plaintiffs suffered mental anguish and extreme emotional distress.

## COUNT VI
### Municipal Policy Claim
### (All Plaintiffs Against Defendant City of Champaign)

72. Plaintiffs hereby incorporate all preceding paragraphs as though fully set forth herein.

73. Champaign is responsible for the creation and adoption of rules and regulations for the governance of the City of Champaign and the Champaign Police Department.

74. Champaign retains policy makers who train and supervise Champaign police officers regarding proper interactions with the public.

75. Champaign has developed and maintained a long-standing, department-wide practice of failing to train and supervise its officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiffs and other members of the public.

76. The unconstitutional actions of Defendant Darling against Plaintiffs were taken pursuant to Champaign's practice of failing to adequately train and supervise its officers.

77. Furthermore, these unlawful actions by Defendant Darling against Mr. Wright were taken pursuant to a pattern by Champaign and its police officer to charge members of the public with false charges of resisting/obstructing a peace officer in order to cover up the illegal practice of arresting individuals without probable cause.

78. Champaign's failure to adequately train and supervise its officers was the moving force in Defendant Darling's actions complained of herein.

79. Other members of the public have been subject to such misconduct at the hands of Champaign and its police officers, including Corey Alton, Benjamin Mann, Kisica Seets, and Precious Jackson. *See Alton Corey v. City of Champaign*, 18 C 2140; *Benjamin Mann v. City of Champaign*, 14 C 2200; *Kisica Seets v. Officer Matt Rush*, 15 C 2154; *Precious Jackson v. City of Champaign*, 16 C 2046.

80. Champaign's deliberate indifference to such practices proximately caused injuries to Plaintiff.

## COUNT VII
**Respondeat Superior**
**(All Plaintiffs Against Defendant City of Champaign)**

81. Plaintiffs hereby incorporate all preceding paragraphs as though fully set forth herein.

82. At all relevant times hereto, Defendant Darling is or was an employee of Champaign.

83. Champaign is liable for its employees' actions under the doctrine of *respondeat superior*.

84. Defendant Darling was acting within the scope of his employment when he willfully and wantonly committed the misconduct described above.

85. Champaign is liable as principal for all torts committed by its agents.

### COUNT VIII
### Statutory Indemnification
### (All Plaintiffs Against Defendant City of Champaign)

86. Plaintiffs hereby incorporate all preceding paragraphs as though fully set forth herein.

87. Champaign is the employer of Defendant Darling.

88. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

89. Defendant Darling is or was an employee of Champaign, who acted under color of law and within the scope of his employment in committing the misconduct described above.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor and against Defendant Tyler Darling and the City of Champaign, and that they be granted compensatory damages, and where applicable, punitive damages, as well as an award of costs and attorneys' fees, and such other relief this Court deems equitable and just.

### JURY DEMAND

Plaintiffs hereby request a trial by a jury pursuant to Federal Rule of Civil Procedure 38(b) for all issues so triable.

Dated: February 12, 2019

                                          Respectfully submitted,

                                          /s/ Natalie Y. Adeeyo, Atty No. 6323542
                                          Natalie Y. Adeeyo
                                          Avi T. Kamionski

Shneur Z. Nathan
Nathan & Kamionski LLP
33 West Monroe, Suite 1830
Chicago, Illinois 60603
(312) 612-1072
nadeeyo@nklawllp.com