IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVONTE D. WRIGHT, JORDAN BOYER, and MARSHERRIE FRANKLIN, personally and o/b/o her minor child U.F.,<br><br>    PLAINTIFFS,<br>  V.<br><br>CITY OF CHAMPAIGN POLICE OFFICER TYLER DARLING (#775), individually, and CITY OF CHAMPAIGN, ILLINOIS, a municipal corporation,<br><br>    DEFENDANTS. | CASE NO. 19-CV-2035-CSB-EIL<br><br><br><br><br>JURY TRIAL DEMANDED |

### DEFENDANT TYLER DARLING'S
### ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

NOW COMES Defendant CITY OF CHAMPAIGN POLICE OFFICER TYLER DARLING (#775) ("Defendant"), by and through his undersigned counsel, and in answer to Plaintiffs' complaint, states as follows:

### PREFACE

Defendant has filed a motion to dismiss parts of Plaintiffs' complaint; therefore, Defendant has no obligation to respond at this time to those parts of Plaintiffs' complaint, and potentially the remainder of the complaint, until the motion is resolved. Nevertheless, Defendant provides this answer at this time without waiving, and specifically reserving, all rights associated with Defendant's pending motion for partial dismissal.

Defendant reserves the right to file further motions for dismissal or abstention, depending upon whether Plaintiff Wright is convicted of the underlying criminal charges or his trials on those charges are continued.

Defendant generally denies the allegations in Plaintiffs' complaint, including any in the

unnumbered headings, except for those allegations specifically admitted in this answer.

## ANSWER

1. Defendant admits that this is an action for civil damages brought, at least partly, pursuant to 42 U.S.C. §1983 seeking redress for the alleged deprivation of constitutional rights under color of law. Defendant denies the remaining allegations in paragraph 1 of Plaintiffs' complaint.

2. Defendant admits that, on October 7, 2018, 24-year old Davonte Wright was driving without registration. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who resided in the premises. Defendant denies the remaining allegations in paragraph 2 of Plaintiffs' complaint.

3. Defendant admits that no warrant had been issued at the time. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who resided in the premises, who was present at all times of the encounter, those persons' ages, and the identity of Jane Doe who is not a named party to this action. Defendant denies the remaining allegations in paragraph 3 of Plaintiffs' complaint.

4. Defendant admits that the picture appears to depict Davonte Wright. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of the timing of the photo. Defendant denies the remaining allegations in paragraph 4 of Plaintiffs' complaint.

5. Defendant denies the allegations in paragraph 5 of Plaintiffs' complaint.

6. Defendant admits that jurisdiction is proper in this district under 28 U.S.C. §§ 1331 and 1343(a)(3), and that supplemental jurisdiction may be exercised under § 1367(a) at this current time. Defendant denies the remaining allegations in paragraph 6 of Plaintiffs' complaint,

including the suggestion that Plaintiffs' have valid claims.

7. Defendant admits that venue is proper in this district under 28 U.S.C. § 1391(b)(1)-(2). Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations about where Plaintiffs reside.

8. Defendant lacks knowledge or information sufficient to form a belief about the identity of Jane Doe who is not a named party to this action. Defendant admits the remaining allegations in paragraph 8 of Plaintiffs' complaint, based upon information and belief.

9. Defendant lacks knowledge or information sufficient to form a belief about the identity of Jane Doe, who is not a named party to this action, and the remaining allegations in paragraph 9 of Plaintiffs' complaint.

10. Defendant admits the allegations in paragraph 10 of Plaintiffs' complaint.

11. Defendant admits that the City of Champaign, Illinois is an Illinois municipal corporation and that it is the employer of Defendant Darling. Defendant denies any allegation that attempts to mischaracterize the extent to which the City may be held liable under 42 U.S.C. § 1983 or otherwise. Defendant denies the remaining allegations in paragraph 11 of Plaintiffs' complaint.

12. Defendant admits that, on October 7, 2018 at approximately 1:30 p.m., Davonte Wright was driving a gold 2002 Chevrolet Impala, which he parked in a driveway and exited before entering a house at 1019 Northwood Street in Champaign. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of 12 of Plaintiffs' complaint.

13. Defendant admits that Defendant Darling pulled into the driveway behind a gold 2002 Chevrolet Impala that he had observed pull into the driveway. Defendant lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations in 13 of Plaintiffs' complaint.

14. Defendant admits that Defendant Darling ordered Davonte Wright to get back into the gold 2002 Chevrolet Impala. Defendant admits that Davonte Wright disregarded Defendant Darling's directions and continued into the house. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14 of Plaintiffs' complaint.

15. Defendant admits that he approached the home, that he pushed the door, that a warrant had not been issued, and that the occupants had not voiced consent. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who resided in the premises. Defendant denies the remaining allegations of paragraph 15 of Plaintiffs' complaint.

16. Defendant admits coming into contact with Davonte Wright as Mr. Wright attempted to resist arrest. Defendant denies the remaining allegations of paragraph 16 of Plaintiffs' complaint.

17. Defendant admits that Defendant Darling's body worn camera was knocked off and that they stumbled while Davonte Wright attempted to resist arrest. Defendant denies the remaining allegations of paragraph 17 of Plaintiffs' complaint.

18. Defendant admits that Defendant Darling handcuffed Davonte Wright's hands behind his back. Defendant denies the remaining allegation of paragraph 18 of Plaintiffs' complaint.

19. Defendant admits that Davonte Wright had blood on his face after he attempted to resist arrest. Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations in paragraph 19 about who resided at the premises and the identity of Jane Doe who is not a named party to this case. Defendant denies the remaining allegations of paragraph 19 of Plaintiffs' complaint.

20. Defendant admits that Davonte Wright was driving without valid vehicle registration. Defendant denies the remaining allegations of paragraph 20 of Plaintiffs' complaint.

21. Defendant denies the allegations of paragraph 21 of Plaintiffs' complaint.

22. Defendant admits that Davonte Wright had blood on his face after he attempted to resist arrest. Defendant denies the remaining allegations of paragraph 22 of Plaintiffs' complaint.

23. To the extent that Plaintiff is purporting to quote a recording, the recording speaks for itself, and Defendant denies any allegation in paragraph 23 of Plaintiffs' complaint that mischaracterizes the content of the recording or the manner in which the statements were made.

24. Defendant denies the allegations of paragraph 24 of Plaintiffs' complaint.

25. Defendant denies the allegations of paragraph 25 of Plaintiffs' complaint.

26. Defendant denies the allegations of paragraph 26 of Plaintiffs' complaint.

27. Defendant denies the allegations of paragraph 27 of Plaintiffs' complaint.

28. Defendant denies the allegations of paragraph 28 of Plaintiffs' complaint.

29. Defendant denies the allegations of paragraph 29 of Plaintiffs' complaint.

30. Defendant denies the allegations of paragraph 30 of Plaintiffs' complaint.

31. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who resided at that premises and the identity of Jane Doe who is not a named party to this case. Defendant denies the remaining allegations of paragraph 31 of Plaintiffs' complaint.

## COUNT I—42 U.S.C. § 1983: Excessive Force
**(Plaintiff Wright against Defendant Darling)**

32. Defendant hereby incorporates his response to each of the preceding paragraphs of Plaintiffs' complaint as if fully restated here.

33. To the extent that allegations stated more fully above are incorporated here, Defendant hereby incorporates its response to each of those allegations here. Defendant denies the remaining allegations in paragraph 33 of Plaintiffs' complaint.

34. To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations here. Defendant denies the remaining allegations in paragraph 34 of Plaintiffs' complaint.

35. Defendant admits the allegations in paragraph 35 of Plaintiffs' complaint.

36. To the extent that the allegations in paragraph 36 of Plaintiffs' complaint mischaracterize the law, including the failure to recognize affirmative defenses to liability such as qualified immunity, Defendant denies the allegations.

37. To the extent that the allegations in paragraph 37 of Plaintiffs' complaint mischaracterize the law, including the erroneous attempt to define clearly established law at a high level of generality, Defendant denies the allegations.

38. To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations. To the extent that the remaining allegations in paragraph 38 of Plaintiffs' complaint mischaracterize the law, including the erroneous attempt to define clearly established law at a high level of generality, Defendant denies the allegations.

39. Defendant denies the allegations in paragraph 39 of Plaintiffs' complaint.

40. Defendant denies the allegations in paragraph 40 of Plaintiffs' complaint.

WHEREFORE, Defendant prays that Count I be dismissed with prejudice and with an award of costs to Defendant.

### COUNT II—42 U.S.C. § 1983:  False Arrest
### (Plaintiff Wright against Defendant Darling)

41. Defendant hereby incorporates his response to each of the preceding paragraphs of Plaintiffs' complaint as if fully restated here.

42. Defendant admits the allegations contained in paragraph 42 of Plaintiffs' complaint.

43. To the extent that the allegations in paragraph 43 of Plaintiffs' complaint mischaracterize the law, Defendant denies the allegations.  Defendant denies the remaining allegations of paragraph 43 of Plaintiffs' complaint.

44. Defendant admits the allegations of paragraph 44 of Plaintiffs' complaint.

45. To the extent that the allegations in paragraph 45 of Plaintiffs' complaint mischaracterize the law, including the failure to recognize affirmative defenses to liability such as qualified immunity, Defendant denies the allegations.

46. To the extent that the allegations in paragraph 46 of Plaintiffs' complaint mischaracterize the law, including the erroneous attempt to define clearly established law at a high level of generality, Defendant denies the allegations.

47. To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations.  To the extent that the remaining allegations in paragraph 47 of Plaintiffs' complaint mischaracterize the law, including the erroneous attempt to define clearly established law at a high level of generality, Defendant denies the allegations.

48. Defendant denies the allegations of paragraph 48 of Plaintiffs' complaint.

49. To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations. Defendant denies the remaining allegations in paragraph 49 of Plaintiffs' complaint.

WHEREFORE, Defendant prays that Count II be dismissed with prejudice and with an award of costs to Defendant.

### COUNT III—42 U.S.C. § 1983:  Illegal Entry
**(Plaintiffs Boyer, Franklin, and U.F. against Defendant Darling)**

50. Defendant hereby incorporates his response to each of the preceding paragraphs of Plaintiffs' complaint as if fully restated here.

51. Defendant admits that a search warrant had not been issued. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who resided in the premises. Defendant denies the remaining allegations in paragraph 51 of Plaintiffs' complaint.

52. Defendant admits that there was probable cause and exigent circumstances to enter the premises. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who resided in the premises. Defendant denies the remaining allegations in paragraph 52 of Plaintiffs' complaint.

53. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who resided in the premises. Defendant denies the remaining allegations in paragraph 53 of Plaintiffs' complaint.

54. Defendant denies the allegations in paragraph 54 of Plaintiffs' complaint.

55. To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations. Defendant denies the remaining allegations in paragraph 55 of Plaintiffs' complaint.

WHEREFORE, Defendant prays that Count III be dismissed with prejudice and with an award of costs to Defendant.

### COUNT IV—42 U.S.C. § 1983: Fabrication of Evidence & Unlawful Detention
### (Plaintiff Wright against Defendant Darling)

56. Defendant hereby incorporates its response to each of the preceding paragraphs of Plaintiffs' complaint as if fully restated here.

57. To the extent that Plaintiffs' complaint mischaracterizes the law, including the erroneous attempt to define clearly established law at a high level of generality, Defendant denies the allegations. Defendant denies the remaining allegations in paragraph 57 of Plaintiffs' complaint.

58. Defendant denies the allegations of paragraph 58 of Plaintiffs' complaint.

59. To the extent that Plaintiff is purporting to quote a recording, the recording speaks for itself, and Defendant denies any allegation in paragraph 59 of Plaintiffs' complaint that mischaracterizes the content of the recording or the manner in which the statements were made. Defendant denies the remaining allegations in paragraph 59 of Plaintiffs' complaint.

60. To the extent that Plaintiff is purporting to quote a recording, the recording speaks for itself, and Defendant denies any allegation in paragraph 60 of Plaintiffs' complaint that mischaracterizes the content of the recording or the manner in which the statements were made. Defendant denies the remaining allegations in paragraph 60 of Plaintiffs' complaint.

61. Defendant admits the allegations of paragraph 61 of Plaintiffs' complaint.

62. To the extent that the allegations in paragraph 62 of Plaintiffs' complaint mischaracterize the law, including the failure to recognize affirmative defenses to liability such as qualified immunity, Defendant denies the allegations.

63. To the extent that the allegations in paragraph 63 of Plaintiffs' complaint

mischaracterize the law, including the erroneous attempt to define clearly established law at a high level of generality, Defendant denies the allegations.

64. To the extent that the allegations in paragraph 64 of Plaintiffs' complaint mischaracterize the law, including the erroneous attempt to define clearly established law at a high level of generality, Defendant denies the allegations.

65. Defendant denies the allegations in paragraph 65 of Plaintiffs' complaint.

66. To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations. Defendant denies the remaining allegations in paragraph 66 of Plaintiffs' complaint.

WHEREFORE, Defendant prays that Count IV be dismissed with prejudice and with an award of costs to Defendant.

## COUNT V—Intentional Infliction of Emotional Distress
### (All Plaintiffs against Defendant Darling)

67. Defendant hereby incorporates its response to each of the preceding paragraphs of Plaintiffs' complaint as if fully restated here.

68. Defendant denies the allegations in paragraph 68 of Plaintiffs' complaint.

69. Defendant admits that a warrant had not issued. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of who was present in the house during the encounter and those persons' ages. Defendant denies the remaining allegations in paragraph 69 of Plaintiffs' complaint.

70. Defendant denies the allegations in paragraph 70 of Plaintiffs' complaint.

71. Defendant denies the allegations in paragraph 71 of Plaintiffs' complaint.

WHEREFORE, Defendant prays that Count V be dismissed with prejudice and with an award of costs to Defendant.

### COUNT VI—Municipal Policy Claim
**(All Plaintiffs against Defendant City of Champaign)**

72. Defendant hereby incorporates his response to each of the preceding paragraphs of Plaintiffs' complaint as if fully restated here. Beyond those allegations, this Count makes no claim against Defendant Darling; hence, he has no obligation to respond to the allegations contained in this Count. To the extent a response is required, he answers as follows.

73. Defendant admits that the City of Champaign adopts rules and regulations for the governance of the City of Champaign and the Champaign Police Department. To the extent that the remaining allegations in paragraph 73 of Plaintiffs' complaint mischaracterize the law, including responsibility for adopting a particular rule, Defendant denies the allegations.

74. Defendant admits that the City of Champaign has policy makers. Defendant admits that the City of Champaign has employees who train and supervise Champaign police officers regarding proper interactions with the public.

75. Defendant denies the allegation in paragraph 75 of Plaintiffs' complaint.

76. To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations. Defendant denies the remaining allegations in paragraph 76 of Plaintiffs' complaint.

77. To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations. Defendant denies the remaining allegations in paragraph 77 of Plaintiffs' complaint.

78. To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations. Defendant denies the remaining allegations in paragraph 78 of Plaintiffs' complaint.

79. Defendant denies the allegations in paragraph 79 of Plaintiffs' complaint,

including the suggestion that the alleged circumstances in those cases were the same as the alleged circumstances in this case.

80. Defendant denies the allegations in paragraph 80 of Plaintiffs' complaint.

WHEREFORE, Defendant prays that Count VI be dismissed with prejudice and with an award of costs to Defendant.

**COUNT VII—*Respondeat Superior*** 
**(All Plaintiffs against Defendant City of Champaign)**

81. Defendant hereby incorporates its response to each of the preceding paragraphs of Plaintiffs' complaint as if fully restated here.  Beyond those allegations, this Count makes no claim against Defendant Darling; hence, he has no obligation to respond to the allegations contained in this Count.  To the extent a response is required, he answers as follows.

82. Defendant admits that Defendant Darling is and was an employee of the City of Champaign at all relevant times.

83. To the extent that the allegations in paragraph 83 of Plaintiffs' complaint mischaracterize the law, including the erroneous assertion that a municipality may be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory, Defendant denies the allegations.

84. To the extent that allegations above about alleged misconduct are incorporated here, Defendant hereby incorporates its response to each of those allegations.  Defendant admits that Officer Darling was an employee of the City of Champaign and was acting within the scope of his employment.  Defendant denies the remaining allegations of paragraph 84 of Plaintiffs' complaint.

85. To the extent that the allegations in paragraph 85 of Plaintiffs' complaint mischaracterize the law, including the erroneous assertion that a municipality may be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory, Defendant denies the allegations.

WHEREFORE, Defendant prays that Count VII be dismissed with prejudice and with an award of costs to Defendant.

### COUNT VIII—Statutory Indemnification
### (All Plaintiffs against Defendant City of Champaign)

86. Defendant hereby incorporates its response to each of the preceding paragraphs of Plaintiffs' complaint as if fully restated here.  Beyond those allegations, this Count makes no claim against Defendant Darling; hence, he has no obligation to respond to the allegations contained in this Count.  To the extent a response is required, he answers as follows.

87. Defendant admits that Defendant Darling is an employee of the City of Champaign.

88. To the extent that the allegations in paragraph 88 of Plaintiffs' complaint accurately characterize the law, Defendant admits the allegations.

89. Defendant admits that Defendant Darling is and was an employee of the City of Champaign who acted under color of law within the scope of his employment.  Defendant denies the remaining allegations in paragraph 89 of Plaintiffs' complaint.

WHEREFORE, Defendant prays that Count VIII be dismissed with prejudice and with an award of costs to Defendant.

### AFFIRMATIVE DEFENSES

NOW COMES the Defendant CITY OF CHAMPAIGN POLICE OFFICER TYLER DARLING (#775) ("Defendant"), by and through his undersigned counsel, and asserts that Plaintiffs' complaint should be dismissed, in whole or in part, based on the following affirmative defenses:

1. As to Count I, if Plaintiff Wright is ultimately convicted for resisting arrest in the state court (*see* Champaign Cty. Cir. Ct. 2018CM936) and the facts underlying his claim of excessive force necessarily imply the invalidity of that conviction, then that claim must be

dismissed.  *E.g. Helman v. Duhaime*, 742 F.3d 760, 762 (7th Cir. 2014).

2.     As to Counts II – V, if Plaintiff Wright is ultimately convicted in state court (*see* Champaign Cty. Cir. Ct. 2018CM936, 2018TR13814, 2018TR13815, or 2018TR13816), and if any of these counts would necessarily imply the invalidity of his conviction, then such counts must be dismissed.  *E.g. Wallace v. Kato*, 549 U.S. 384, 393–94, 395 n.5 (2007).

3.     Count IV fails to state a claim upon which relief can be granted to the extent it is premised upon an alleged due process violation, because "all § 1983 claims for wrongful pretrial detention —whether based on fabricated evidence or some other defect—" rest "*exclusively* on the Fourth Amendment[,] . . . not the Due Process Clause" of the Fourteenth Amendment.  *E.g. Lewis v. City of Chicago*, 914 F.3d 472, 478-79 (7th Cir. 2019) (emphasis in original).

4.     Count IV fails to the extent that Defendant was not personally involved in any constitutional violation.

5.     Count V fails to state a claim for relief in that Plaintiffs failed to allege sufficient facts to support their claims of intentional infliction of emotional distress.  *See* Doc. 9, pp. 2-5.

6.     Count VII fails to state a claim for relief in that Plaintiffs have failed to sufficiently plead a state-law cause of action to which *respondeat superior* could apply.  *Id.*

7.     Count VII fails to state a claim upon which relief can be granted to the extent that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *See, e.g., Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).

8.     Counts V and VII fail to state a claim upon which relief can be granted, because Defendant's conduct does not rise to the level of willful and wanton conduct.  *See, e.g.,* 745 ILCS 10/1*, et. seq*.

9.     To the extent that Plaintiffs are claiming in paragraphs 3 and 69 of their complaint

that there were additional children who have valid claims, Plaintiffs have failed to join indispensable parties under Fed. R. Civ. P. 19.

10.     Counts II, III, and IV fail, because there was actual and arguable probable cause to arrest Plaintiff Wright, which is an absolute defense to claims of false arrest, unlawful pretrial detention, false imprisonment, or malicious prosecution.

11.     To the extent that Count IV is based upon alleged *Brady* violations,:

    a. Defendant disclosed all material evidence to the State's Attorney's Office.

    b. The time for disclosure of *Brady* material extends through trial, which has not ended as of the filing of this answer.

    c. To the extent that Defendant did not preserve or disclose particular evidence,:

        i. the evidence was not exculpatory, impeaching, or material,

        ii. the evidence had no apparent exculpatory value when Defendant allegedly failed to preserve it,

        iii. Defendant did not destroy any potentially favorable evidence in bad faith,

        iv. Defendant's non-disclosure was the result of mere negligence rather than any intentional or reckless conduct,

        v. Defendant did not suppress the evidence because it was otherwise available to Plaintiff through the exercise of reasonable diligence by Plaintiffs' criminal defense counsel, and

        vi. Defendant was not the cause of any prejudice to Plaintiff, particularly to the extent that Plaintiff's criminal defense counsel knew of a witness prior to trial and failed to interview that witness, such that the prejudice to Plaintiff, if any, resulted from his own attorney's negligence rather than

    any failure of police to divulge exculpatory evidence.

12. As to Counts I - IV, Defendant Darling is entitled to qualified immunity because:

 a. his conduct did not amount to a violation of Plaintiffs' constitutional right,

 b. a reasonable officer in his position could have believed his or her actions did not violate the Constitution in light of clearly established law and the information he or she possessed at the time, and

 c. there was arguable probable cause to arrest Plaintiff at all pertinent times.

13. As to Counts I - VI,:

 a. Defendant's conduct was not a proximate cause of Plaintiffs' alleged damages,

 b. one or more Plaintiff's conduct was a proximate cause of his or her alleged damages, or

 c. third parties were a proximate cause of Plaintiffs' alleged damages, including but not limited to the failure of Plaintiff's criminal defense counsel to conduct a reasonably diligent investigation into further exculpatory evidence and to otherwise seek to suppress evidence that was allegedly improperly obtained (*i.e.* allegedly improper search or seizure), upon information and belief.

14. If Defendant Darling is not liable to Plaintiff, then Count VII and VIII fail, because a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. *See Fleming v. Livingston Cty., Ill.*, 674 F.3d 874, 881 (7th Cir. 2012) (quoting 745 ILCS 10/2–109).

15. To the extent that Plaintiffs' complaint could be construed as making a § 1983 claim based upon an alleged violation of state law, that violation is completely immaterial to the question of whether Defendant Darling violated the U.S. Constitution.

16. To the extent that Plaintiffs' complaint could be construed as making a § 1983 claim based upon an alleged violation of departmental regulations or police practices, that violation is completely immaterial to the question of whether Defendant Darling violated the U.S. Constitution.

17. As to Count II, Plaintiff Wright cannot recover any damages under that count beyond the issuance of process or arraignment. *Wallace v. Kato*, 549 U.S. 384, 390 (2007).

18. To the extent that Plaintiffs seek to recover for "other damages":

    a. Plaintiffs have failed to specifically state any special damages they may include in this category, contrary to Fed. R. Civ. P. 9(g), and

    b. Plaintiffs have failed to mitigate their allegedly continuing injuries and damages, upon information and belief.

19. To the extent that any Plaintiff seeks duplicative damages, such as the same alleged physical injuries and emotional distress under multiple counts, Plaintiff cannot receive a double recovery.

20. To the extent that Plaintiffs' complaint seeks punitive damages, Defendant's conduct was not motivated by evil motive or intent, and Defendant's conduct did not involve reckless or callous indifference to Plaintiffs' federally protected rights.

21. To the extent that Plaintiffs' complaint seeks punitive damages, Defendant adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided with respect to punitive damages in the following cases and their progeny: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool, Inc.*, 532 U.S. 424 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

WHEREFORE, Defendant prays that Plaintiffs' complaint be dismissed with prejudice

and with an award of costs to Defendant.

## DEMAND FOR JURY TRIAL

Defendant demands a jury on all issues triable of right by a jury, and Defendant respectfully requests a jury on all other issues triable by a jury.

        Respectfully submitted,

        Defendant CITY OF CHAMPAIGN POLICE OFFICER TYLER DARLING (#775) ("Defendant")

        By its attorneys:  THOMAS, MAMER & HAUGHEY, LLP

Dated:  March 20, 2019

        *s/ Justin N. Brunner*
        David E. Krchak (#3127316)
        Justin N. Brunner (#6323496)
        Casey R. Bales (#6329412)
        THOMAS, MAMER & HAUGHEY, LLP
        30 E. Main St., Ste. 500;  P.O. Box 560
        Champaign, IL  61824-0560
        Tel.:  (217) 351-1500; Fax:  (217) 351-2169
        krchak@tmh-law.com; justin@tmh-law.com; casey@tmh-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2019, I caused the foregoing document:

*DEFENDANT TYLER DARLING'S*
*ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND*

to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notice to all attorneys of record.

        *s/ Justin N. Brunner*
        Justin N. Brunner (#6323496)
        THOMAS, MAMER & HAUGHEY, LLP